IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| KATHLEEN R. OWEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 7-04-CV-225-BD |
| | § | |
| JO ANNE B. BARNHART, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen R. Owen seeks judicial review of a final decision of the Commissioner of Social Security denying her applications for disability insurance and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision is reversed.

I.

Plaintiff alleges that she is disabled as a result of cervical and lumbar disc disease. After her applications for disability and SSI benefits were denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on August 7, 2002. At the time of the hearing, plaintiff was 59 years old. She has a high school equivalency diploma and past work experience as a convenience store cashier. Plaintiff has not engaged in substantial gainful activity since April 20, 2001.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability or SSI benefits. Although the medical evidence established that plaintiff suffered from cervical and lumbar disc disease that significantly limited her ability to do basic work activities, the judge concluded that

the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of sedentary work, but could not return to her past employment. Relying on the testimony of a vocational expert, the judge found that plaintiff had the transferrable skills to work as a check cashier-- a position that exists in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In her sole ground for relief, plaintiff contends that the assessment of her residual functional capacity is not supported by substantial evidence and is inconsistent with applicable legal standards.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff first challenges the finding that she has transferrable skills from her past employment as a convenience store cashier. According to plaintiff, the requirements of that position are consistent with the job of Cashier II-- an unskilled occupation with an SVP rating of two. *See Dictionary of Occupational Titles* ("DOT") § 211.462-101 (4th ed. 1991).[1] Because a claimant does not acquire transferrable skills from having performed unskilled work, *see* SSR 82-41, 1982 WL 31389 at *1 (SSA Feb. 26, 1979), plaintiff contends that the ALJ's finding is not supported by substantial evidence and contrary to law.

---

[1] The DOT, published by the U.S. Department of Labor and routinely used by the Commissioner in making disability determinations, lists a specific vocational preparation time, or SVP, for each described occupation. Using the skill level definitions set out in the regulations, unskilled work corresponds to an SVP rating of 1-2, semi-skilled work corresponds to an SVP rating of 3-4, and skilled work corresponds to an SVP rating of 5-9. *See* SSR 00-4p, 2000 WL 1898704 at *3 (SSA Dec. 4, 2000). Although there may be a reason for classifying the skill level of certain occupations differently than in the DOT, the regulatory definitions of skill levels are controlling. *Id.*

This argument ignores the testimony of Carol Bennett, a vocational expert, who equated plaintiff's prior job to that of a Cashier-Checker-- a "semi-skilled" occupation with an SVP rating of three. (*See* Tr. at 47). Bennett testified that a hypothetical person with plaintiff's characteristics would have acquired the transferrable skills of customer service, money handling procedures, and cash reconciliation from having worked as a convenience store cashier. (*Id.* at 48). When asked to clarify her answer, Bennett explained:

> Q: [BY COUNSEL]. Let's go back to the past relevant work.
>
> A: Oh, the convenience store clerk.
>
> Q: Yes.
>
> A: Cashier-Checker.
>
> Q: And do you have the number on the <u>Dictionary of Occupational Titles</u>?
>
> A: Yes.
>
> Q: 211.462-014. Okay. And you're saying that that is an SVP of 3?
>
> A: Yes.
>
> Q: It's not-- *that's not the Cashier II then*?
>
> A: *No*.

(*Id.* at 49-50) (emphasis added). The ALJ cited this testimony in the hearing decision to support his finding that plaintiff had transferrable skills from her past relevant employment. (*See* Tr. at 18). No error occurred in this regard.

C.

Plaintiff also contends that the ALJ improperly rejected the opinion of her treating physician in determining that she has the residual functional capacity to perform sedentary work limited by

no overhead reaching or repetitive lateral head movements. The opinion of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

1. the physician's length of treatment of the claimant;

2. the physician's frequency of examination;

3. the nature and extent of the treatment relationship;

4. the support of the physician's opinion afforded by the medical evidence of record;

5. the consistency of the opinion with the record as a whole; and

6. the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

The record shows that plaintiff was treated by Dr. Danny Bartel, a neurologist, for a variety of problems related to progressive lumbar and cervical disc disease. (*See* Tr. at 143-76, 185-97). In a residual functional capacity questionnaire dated September 7, 2001, Dr. Bartel noted that plaintiff was restricted in her ability to perform certain activities on a regular and continuing basis. Among those restrictions are: (1) the inability to sit for more than two hours at a time or more than a total of two hours during an eight-hour work day; (2) the inability to stand or walk for more than one hour at a time or more than two hours during an eight-hour work day; (3) requiring 10 minute breaks every hour and longer breaks at least three times a day; (4) the inability to regularly lift or carry more than 10 pounds in a competitive work situation or perform most postural activities; and (5) the inability to concentrate or to perform even "low stress" jobs due to depression from chronic pain. (*Id.* at 206-08). The ALJ rejected this opinion as "not consistent with the objective medical evidence." (*Id.* at 16). However, the judge all but ignored that Dr. Bartel is a neurology specialist who regularly treated plaintiff over a period of four years. Nor does the hearing decision indicate that the ALJ even considered the section 404.1527(d)(2) factors. Because the judge did not "clearly articulate" his reasons for rejecting Dr. Bartel's opinion, the hearing decision must be reversed.[2]

## CONCLUSION

The hearing decision is reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.

SO ORDERED.

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

DATED:  August 24, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE